Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5866 | **DATE** | 8/17/2012 |
| **CASE TITLE** | Mendoza vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

The Court grants Defendants' motion to strike paragraph 78 of the Fourth Amended Complaint. In addition, the Court strikes the dispositive motion deadline of 9/4/12 and will set a new dispositive motion deadline at the 9/10/12 status hearing.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On April 23, 2012, Plaintiffs Ricardo Mendoza and Alma Delia Mendoza filed a five-count Fourth Amended Complaint alleging, among other claims, a state law malicious prosecution claim against Defendant Officer Villardita and the City of Chicago in Count IV. On July 31, 2012, the Court granted in part and denied in part Defendant Officer Villardita's motion to dismiss Count II of the Fourth Amended Complaint, which alleged a conspiracy claim against Defendant Officers in violation of 42 U.S.C. § 1983. The Court presumes familiarity with its July 31, 2012 minute order.

Before the Court is Defendants' motion to strike Plaintiffs' allegations in the Fourth Amended Complaint that paraphrased Defendant Officer Villardita's grand jury testimony because disclosure of this testimony is prohibited without a court order. (*See* R. 140, Defs.' Reply, at 5.) For the following reasons, the Court, in its discretion, grants Defendant's motion to strike paragraph 78 of the Fourth Amended Complaint.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

In Defendant Officer Villardita's opening brief in support of his motion to dismiss Count II, he stated the following in a footnote:

> It should be noted that Plaintiffs' direct quotation from the grand jury transcript is improper. Under 725 ILCS 5/112-6(c)(3), the disclosure of grand jury testimony is prohibited absent an order from an Illinois court, and the record does not reflect that Plaintiff has obtained such an order. *See Akbar v. City of Chicago*, 2008 WL 5272463 (N.D. Ill. 2008) (transcript of Grand Jury testimony ordered stricken if party could not produce proof that disclosure of transcript was legally authorized).

(R. 125-1, Brief, at 4 n.1.)

At a June 11, 2012 status hearing, defense counsel mentioned the issue of Plaintiffs' use of the grand jury testimony in the Fourth Amended Complaint as it related to Plaintiffs' malicious prosecution claim in Count IV – a claim that was not at issue in Defendant Villardita's motion to dismiss. At that status hearing, the Court directed the parties to address this issue in their legal memoranda, along with Plaintiffs' conspiracy claim as alleged in Count II. In their subsequent briefs, however, the parties did not discuss Plaintiffs' use of the grand jury testimony in the context of the malicious prosecution claim. Instead, the parties generally addressed the use of grand jury testimony under 725 ILCS 5/112-6(c)(3).

Accordingly, on July 24, 2012, the Court directed Plaintiffs to file a "sur-reply by August 1, 2012, explaining whether Officer Villardita's grand jury testimony can be used to support their malicious prosecution claim." (R. 141, 7/24/12 Minute Order.) Defendants were directed to file a sur-reply shortly thereafter. (*Id.*) The Court asked for additional briefing to give the parties the opportunity to give context to their grand jury testimony arguments. Unfortunately, Plaintiffs' sur-reply fails to give the Court any guidance as to how Defendant Officer Villardita's testimony can be used to support the malicious prosecution claim as alleged in Count IV of the Fourth Amended Complaint.

More specifically, to establish a claim of malicious prosecution under Illinois law, a plaintiff must show, among other factors, that the defendant was involved in the commencement or continuation of a criminal or civil judicial proceeding. *See Farwell v. Senior Serv. Assoc., Inc.,* 970 N.E.2d 49, 57 (Ill.App. Ct. 2012); *see also Logan v. Caterpillar, Inc.,* 246 F.3d 912, 922 (7th Cir. 2001) ("Illinois law requires that, in order to commence or continue a criminal proceeding, the defendant must have initiated the criminal proceeding or 'his participation in it must have been of so active and positive a character as to amount to advice and cooperation.'") (citation omitted). In directing Plaintiffs to file a sur-reply addressing the malicious prosecution claim in the context of Defendant Villardita's grand jury testimony, the Court was asking Plaintiffs to explain how – or if – they intended to use Defendant Villardita's grand jury testimony to establish that he commenced or continued the criminal proceeding against Mendoza, especially because Plaintiffs extensively relied upon Defendant Officer Villardita's grand jury testimony in their allegations. Plaintiffs did not answer this question, which leaves the Court with Defendants' request that the Court strike Plaintiffs' allegations in the Fourth Amended Complaint that paraphrase Defendant Villardita's grand jury testimony because disclosure of this testimony – without a court order – is improper under Illinois law.

## LEGAL STANDARD

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (quoting Fed.R.Civ.P. 12(f)). Motions to strike pursuant to Rule 12(f)

are generally disfavored. *See Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1405-06 (7th Cir. 1991); *Riemer v. Chase Bank, N.A.,* 275 F.R.D. 492, 494 (N.D. Ill. 2011) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (citation omitted). Motions to strike are appropriate, however, if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder,* 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta Consulting Group, Inc.,* 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery v. Morand Bros. Beverage Co.,* 247 F.Supp.2d 979, 982 (N.D. Ill. 2003) (citation and internal quotation omitted).

## ANALYSIS

Pursuant to the Illinois Code of Criminal Procedure, 725 ILCS 5/112-6(c)(3), disclosure of grand jury testimony is prohibited absent a court order. *See Taliani v. Hermann,* 353 Ill.Dec. 688, 691, 956 N.E.2d 550, 553 (Ill.App.Ct. 2011). "The secrecy of grand jury proceedings is maintained 'to insure the grand jury freedom in its deliberations, to prevent subornation of perjury, to encourage disclosure by witnesses, and to protect the innocent from unwarranted exposure,' as well as to 'assure freedom of deliberation of future grand juries, and the participation of future witnesses, as well as to provide these assurances to those who appeared before the instant proceeding.'" *Akbar v. City of Chicago,* 2008 WL 5272463, at *4 (N.D. Ill. 2008) (quoting *In re Extended March 1975 Grand Jury No. 655,* 84 Ill.App.3d 847, 40 Ill.Dec. 84, 405 N.E.2d 1176, 1179 (Ill.App.Ct. 1980) (citations omitted)).

Here, Plaintiffs have not demonstrated that they sought or have obtained a court order allowing them to disclose Defendant Officer Villardita's grand jury testimony. Without a court order authorizing disclosure of the grand jury testimony, the Court grants Defendants' motion to strike Plaintiffs' allegations that paraphrase Defendant Officer Villardita's actual grand jury testimony in paragraph 78 of the Fourth Amended Complaint. *See Delta Consulting Group, Inc.,* 554 F.3d at 1141; Fed.R.Civ.P. 12(f).